UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | |
| | : | Chapter 11 |
| SUSAN H. ARENSBERG, | : | |
| | : | Case No. 23-11740-MEW |
| Debtor. | : | |

-----------------------------------------------------------------x

| | | |
|---|---|---|
| SUSAN H. ARENSBERG, | : | |
| | : | |
| Plaintiff, | : | AP No. 24-01346-MEW |
| | : | |
| vs. | : | |
| | : | |
| HSBC BANK USA, National Association, as Trustee | : | |
| for Deutsche Mortgage Securities, Inc Mortgage Loan | : | |
| Trust Series 2004-4 Mortgage Pass-Through Certificates | : | |
| Series 2004-4, NATIONSTAR MORTGAGE, LLC, | : | |
| HSBC BANK USA, National Association, as Trustee for | : | |
| Deutsche Mortgage Securmortgage Loan Trust, | : | |
| Mortgage Pass-Through Certificates Series 2004-4, and | : | |
| MORTGAGE ELECTRONIC REGISTRATION | : | |
| SYSTEMS, Inc., | : | |
| | : | |
| Defendants. | : | |

-----------------------------------------------------------------x

<u>**DECISION GRANTING DEFENDANTS' MOTION TO DISMISS**</u>

A P P E A R A N C E S:

Albert Barkey, Esq.
New York, NY 10007
*Attorney for Debtor/Plaintiff Susan H. Arensberg.*

FRENKEL, LAMBERT, WEISS, WEISMAN & GORDON LLP
Bay Shore, NY 11706
*Attorneys for Defendants*
  By:   Alex Zamenhof, Esq.

**HONORABLE MICHAEL E. WILES**
**UNITED STATES BANKRUPTCY JUDGE**

Debtor/Plaintiff Susan H. Arensberg is one of two joint owners of real property located at 4530 Delafield Avenue, Bronx, NY 10471-3905 (the "**Property**"). The other joint owner is her husband. The Property was the subject of a foreclosure action in the Bronx Supreme Court that preceded this bankruptcy case. *See* Index No. 35354/2014E. A judgment of foreclosure and sale was entered on December 10, 2018 in favor of "HSBC Bank USA, National Association, as Trustee for Deutsche Mortgage Securities, Inc. Mortgage Loan Trust Series 2004-4 Mortgage Pass-Through Certificates Series 2004-4." *Id.*, Docket No. 172. That HSBC entity has filed a proof of claim in the amount of $2,673,591.48. *See* Claim No. 4-1.

The above-captioned adversary proceeding was filed on April 22, 2024, more than five years after the entry of the foreclosure judgment. Plaintiff contends that the foreclosure judgment was procured by fraud and should be nullified and that Proof of Claim No. 4-1 should be disallowed. The Complaint lists a number of recorded mortgage and note transfers that the Debtor's counsel has retrieved from the official property records, including a "corrected" assignment notice dated November 21, 2013. The Debtor contends:

- That the "corrected" assignment was listed but that two other previously recorded assignments were omitted from a required "Certificate of Merit" that HSBC filed in the state court foreclosure action (Complaint at ¶¶ 18–21, 27–28, 33–35);
- That some of the underlying transfer documents refer to HSBC as the Trustee for "Deutsche Securmortgage Loan Trust" rather than as Trustee for "Deutsche Mortgage Securities, Inc. Mortgage Loan Trust Series 2004-4," and that the actual plaintiff in the foreclosure action therefore was not the correct party and lacked standing to seek foreclosure (Complaint at ¶ 29–30, 32, 36);

- That HSBC allegedly made false representations as to its possession of an underlying note and loan modification agreement (Complaint at ¶ 28); and

- That the statute of limitations would now bar a foreclosure action by the correct party, so that the lender's claim should be disallowed. (Complaint at ¶¶ 43-44).

Defendants have moved to dismiss the Complaint. They argue that the Complaint is an attack on the validity of the state court foreclosure judgment and that such an attack is barred by the Rooker-Feldman doctrine. They also argue that the claims in the pending adversary proceeding could have been asserted in the state court action and now are barred by *res judicata*. I agree.[1]

The Rooker-Feldman doctrine is based on the Supreme Court decisions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486–87 (1983), as modified by the decision in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005). These decisions hold that lower federal courts lack subject-matter jurisdiction over claims that effectively challenge the judgments that have been issued by state courts. *Wilson v. Deutsche Bank Nat'l Trust (In re Wilson)*, 410 Fed. Appx. 409, 410 (2d Cir. 2011). The United States Court of Appeals for the Second Circuit has held that there are four requirements that must be met before the Rooker-Feldman doctrine applies: (1) the federal court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state court judgment; (3) the plaintiff must invite federal court review and rejection of that judgment; and (4) the state court judgment must have been entered before the federal court proceedings commenced. *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d. Cir. 2005). These four requirements plainly are met in this case:

---

[1] Defendants made other arguments that I need not reach in light of my decision.

3

- The plaintiff in this adversary proceeding (Susan Arensberg) was a losing party in the state court foreclosure action;

- The Complaint is of injuries caused by the state court judgment (the confirmation of the secured debt owed to HSBC);

- Ms. Arensberg asks this Court to review and nullify the state court judgment; and

- The state court foreclosure judgment was entered more than five years before the filing of this adversary proceeding.

Other courts in this Circuit similarly have rejected collateral attacks, in federal court, on state court foreclosure judgments. *See Ford v. U.S Dept. of Treasury IRS,* 50 Fed. Appx. 490 (2d. Cir. 2002) (holding that Rooker-Feldman barred plaintiff's attempt to seek reversal of a state court foreclosure judgment on grounds of fraud); *In re Mehl*, 2024 Bankr. LEXIS 1489, at *11–12 (Bankr. S.D.N.Y. 2024) (applying Rooker-Feldman as a bar to a bankruptcy court challenge to a foreclosure judgment); *In re Ditech Holding Corp.*, 2022 Bankr. LEXIS 1514 (Bankr. S.D.N.Y. 2002) (same); *In re Moise*, 575 B.R. 191, 202, (Bankr. E.D.N.Y. 2017) (holding that courts in this Circuit "have consistently held that any attack on a judgement of foreclosure is clearly barred by the Rooker-Feldman doctrine"); *Chestnut v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist LEXIS 22113 (E.D.N.Y. 2011); *In re Ward*, 423 B.R. 22 (Bankr. E.D.N.Y. 2010); *Swiatkowski v. Citibank*, 2010 U.S. Dist. LEXIS 107317 (E.D.N.Y. 2010).

The claims asserted in the adversary proceeding also are barred by *res judicata*. The New York doctrine of *res judicata* is applicable because the judgment was entered by a New York court. 28 U.S.C. § 1738 (requiring federal courts to give the same full faith and credit to state court judgments that such judgments have in the courts of the State in which they were issued); *New York v. Sokol (In re Sokol)*, 113 F.3d 303, 306 (2d Cir. 1977). In New York, a final judgment is

4

*res judicata* and precludes parties from pursing claims that were raised, or that could have been raised, in the action that led to the judgment. *Marvel Characters, Inc. v. Symon*, 310 F.3d 280, 286–87 (2d Cir. 2002); *Yeiser v. GMAC Mortg. Corp.*, 535 F. Supp. 2d 413, 421 (S.D.N.Y. 2008). The judgment precludes "all other claims arising out of the same transaction or series of transactions," even if based on different theories. *O'Brien v. City of Syracuse,* 54 N.Y.2d 353, 357 (1981); *In re Mehl*, 2024 Bankr. LEXIS 1489 at *23 (collecting cases).

All of the claims asserted in this adversary proceeding that relate to the prior assignment and transfer records, and that relate to the name of the entity for which HSBC acted as trustee, are based on official property records that were available for inspection and review by Ms. Arensberg and her counsel both before and during the conduct of the foreclosure action.  With regard to the allegation that HSBC allegedly did not have actual possession of the underlying loan modification agreement, the Debtor's counsel admitted at oral argument that he had no evidence to support that contention, and that his allegation is a surmise based entirely on the fact that a prior foreclosure notice had not named that loan modification agreement.  That prior foreclosure notice, however, was available to prior counsel during the foreclosure case.  Accordingly, the issues raised in the present adversary proceeding could (and should) have been raised during the prior foreclosure action, and they are now precluded by *res judicata*.

It appears that in at least one respect Ms. Arensberg's claims also are precluded by collateral estoppel.  Collateral estoppel bars the relitigation of an issue which has necessarily been decided in a prior action or proceeding and is determinative of the issues disputed in the present action, provided that there was a full and fair opportunity to contest the decision now alleged to be controlling.  *In re Mehl*, 2024 Bankr. LEXIS 1489 at *24 (citing *David v. State of New York*, 157 A.D.3d 764, 69 N.Y.S.3d 110 (2018)).  The record of the foreclosure action shows that Ms.

Arensberg argued, among other things, that she should be given permission to assert a "standing" defense based on her contention that HSBC did not have possession of the original note with a proper endorsement or allonge.  *See* Index No. 35354/2014E, Docket No. 73.  The state court overruled that defense and entered summary judgment in favor of the lender in a decision and order dated June 22, 2017.  *Id.* at Docket No. 105.  In doing so, the state court held that the foreclosure plaintiff had "established its standing as the holder by demonstrating that the note was in its possession prior to the commencement of the action, as evidenced by its attachment of the endorsed note to the summons and complaint at the time the action was commenced." *Id*. at 2.

Ms. Arensberg seeks to avoid these results by contending that New York courts permit collateral attacks on judgments that have been obtained by "extrinsic" rather than by "intrinsic" fraud.  Even if this distinction were applicable, however, the "fraud" alleged in this case was not "extrinsic" fraud.  "Extrinsic" fraud consists of fraud or coercion that deprives a party of the right to appear and to be heard in a proceeding; classic examples include misrepresentations as to whether a hearing will proceed as scheduled, or misrepresentations that a party intends to discontinue an action, or threats of physical harm if the opposing party appears in court.  *See, e.g., In re Slater*, 200 B.R. 491 (E.D.N.Y. 1996) (threats of physical assault); *Tamimi v. Tamimi*, 38 A.D.2d 197 (2d Dept. 1972) (false promise to discontinue an action).  In order to constitute "extrinsic" fraud, the fraud "must be in some matter other than the issue in controversy in the case." *Chenu v. Board of Trs.*, 12 A.D.2d 422, 424, *aff'd*, 11 N.Y.2d 688 (1962).  Fraud "which goes to the existence of a cause of action," including alleged perjury or other false statements during a proceeding, constitute "intrinsic" and not "extrinsic" fraud.  *Altman v. Altman*, 150 A.D.2d 304, 307 (1st Dept. 1989).  The alleged fraud that occurred in this case took the form of

6

alleged misrepresentations in papers filed with the state court, and if proved would only constitute "intrinsic" rather than "extrinsic" fraud.

Finally, Ms. Arensberg contends that federal courts may disregard state court judgments, and may decline to give them *res judicata* effect, if the judgments were procured by fraud, citing *Heiser v. Woodruff*, 327 U.S. 726 (1946).  The cited passage in the *Heiser* decision was dicta; the actual holding in that case was that a state court judgment should have been given *res judicata* effect.  The *Heiser* decision also predates the *Feldman* decision by the Supreme Court and other decisions that have expanded upon the scope and meaning of the Rooker-Feldman doctrine.  Furthermore, Ms. Arensberg's counsel acknowledged at oral argument that the *Heiser* decision would only permit a state court judgment to be attacked based on claims of "extrinsic" fraud.  As discussed above, the allegations of the Complaint do not support a claim of "extrinsic" fraud.

## Conclusion

For the foregoing reasons, the Complaint in this adversary proceeding will be dismissed in its entirety, with prejudice.

Dated: New York, New York
July 3, 2024

/s. **Michael E. Wiles**
Honorable Michael E. Wiles
United States Bankruptcy Judge